**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **KARIM EL OUARIACHI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **26-11857-FDS** |
| | ) | |
| **DAVID WESLING, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**<u>ORDER</u>**

**SAYLOR, J.**

On April 30, 2026, the government responded to petitioner's habeas petition.  (Dkt. No. 7).  In its response, the government argues that a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is not the proper avenue through which to bring a constitutional conditions-of-confinement claim, and that such claims should be brought, if at all, under the implied right of action recognized by the Supreme Court in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny.  (*Id.* at 2-4).

This appears to raise something of a difficult legal issue.  The Supreme Court has explicitly reserved the question of whether conditions-of-confinement claims may be brought in a habeas proceeding.  *See, e.g.*, *Boumediene v. Bush*, 553 U.S. 723, 792 (2008) (declining to "discuss the reach of the writ with respect to claims of unlawful conditions of treatment or confinement").  And the circuits are split on whether such claims are permissible.  *Compare, e.g.*, *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) ("[A] prisoner may, in a federal habeas corpus petition, challenge the conditions of his confinement." (citation modified)), *with Nettles v. Grounds*, 830 F.3d 922, 933-34 (9th Cir. 2016) (holding that claims falling outside of

"the core of habeas corpus" may not be brought in a federal habeas corpus petition). The First Circuit has suggested, albeit in dicta, that conditions-of-confinement claims may be asserted in a habeas proceeding. *See United States v. DeLeon*, 444 F.3d 41, 59 (1st Cir. 2006) ("If the conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available."). But many sessions of this court have found that § 2241 is not the proper avenue through which to bring such claims. *See, e.g.*, *Benito Vasquez v. Moniz*, 788 F. Supp. 3d 177, 182 (D. Mass. 2025) ("Writs of habeas corpus . . . are not appropriate vehicles to challenge the circumstances of confinement . . . ."); *Koehn v. Federal Bureau of Prisons*, 2025 WL 3194742, at *1 (D. Mass. Oct. 22, 2025) ("As a general matter, section 2241 is the vehicle for challenging the fact of confinement and a civil rights action under *Bivens* is the vehicle for seeking damages and other relief for unconstitutional conditions of confinement.").

At the same time, the limitations the Supreme Court has placed on the *Bivens* remedy, *see, e.g.*, *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022), coupled with the fact that there appears to be no formal administrative appeal process at petitioner's current place of incarceration, raise the possibility that petitioner may be left without any forum to adjudicate his Eighth Amendment claim, which would raise serious constitutional concerns. And although the government points out that petitioner has a further appeal of his bond determination scheduled for a hearing later this month, it is unclear whether petitioner could address conditions of confinement at that hearing, as opposed to simply the amount of bond required.

Accordingly, petitioner is directed to file a reply no later than May 5, 2026, addressing the government's contention that conditions-of-confinement claims may not be brought under § 2241. Petitioner may also address whether some other cause of action, including the implied

2

rights of action recognized in *Bivens* and *Ex parte Young*, 209 U.S. 123 (1908),[1] would allow this Court to adjudicate his constitutional claim if it does not properly sound in habeas.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  May 1, 2026                               United States District Judge

---

[1] *See also Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (recognizing implied right of action to enjoin federal, as well as state, officers from unconstitutional action).